CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2013 SEP 20 PM 1:42

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RALPH S. JANVEY, et al., | § § | |
| Plaintiffs, | § § | Case No. 3:11-CV-2788 |
| v. | § § | |
| JAMES K. CONZELMAN AND LIONEL C. JOHNSON, | § § § § | |
| Defendants. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION

Defendant Lionel C. Johnson ("Johnson") has moved to dismiss ("Motion to Dismiss," Docs. 10 and 10-1) the Receiver's Complaint Against James K. Conzelman and Lionel C. Johnson ("Complaint," Doc. 1) pursuant to FED. R. CIV. P. 12(b)(2) and 12(b)(6). For the reasons that follow, the Court should deny Johnson's Motion to Dismiss.

### FINDINGS AND CONCLUSIONS

*I. NATURE OF THE CASE*

Plaintiff's action against Johnson

> relates to the Securities and Exchange Commission's (the "SEC") ongoing securities fraud action against R. Allen Stanford, his associates, and various entities under Stanford's control (the "Stanford Defendants"). As part of that litigation, [the] Court assumed exclusive jurisdiction and took possession of the "Receivership Assets" and "Receivership Records" (collectively, the "Receivership Estate").

*Janvey v. Univ. of Miami*, Civil Action No. 3:11-CV-0041-N, at *1 (N.D. Tex. filed July 11, 2013) (citing Second Am. Order Appointing Receiver, July 19, 2010 (Doc. 1130) (the "Receivership

1

Order"), *in SEC v. Stanford Int'l Bank, Ltd.*, Civil Action No. 3:09-CV-0298-N (N.D. Tex. filed Feb. 17, 2009) ("*Stanford*")).

### A. The Parties

The parties to this case are:

*Ralph S. Janvey ("Plaintiff"), the Court-Appointed Receiver* – Plaintiff Janvey was appointed by the Court as Receiver of the Receivership Estate stemming from *Stanford*. He was vested with "the full power of an equity receiver under common law as well as . . . . [authorization] to immediately take and have complete and exclusive control, possession, and custody of the Receivership Estate and to any assets traceable to assets owned by the Receivership Estate." Receivership Order at 3-4.

Plaintiff was instructed to "[c]ollect, marshal, and take custody, control, and possession of all the funds, accounts, mail, and other assets of, or in the possession or under the control of, the Receivership Estate, or assets traceable to assets owned or controlled by the Receivership Estate, wherever situated." *Id.* at 4. He was also instructed to file "such actions or proceedings to impose a constructive trust, obtain possession, and/or recover judgment with respect to persons or entities who received assets or records traceable to the Receivership Estate." *Id.* at 5.

*Lionel C. Johnson* – Defendant Johnson is a resident of the District of Columbia. *See* Complaint (Doc. 1 at ¶ 14); Motion to Dismiss (Doc. 10-1 at 1). Johnson served as Senior Vice President of Government Affairs at Stanford Financial Group Company ("SFGC"). *See* Complaint (Doc. 1 at ¶ 30); Motion to Dismiss (Doc. 10-1 at 1).

2

*James K. Conzelman* – Defendant Conzelman also served as Senior Vice President of Government Affairs at SFGC. *See* Complaint (Doc. 1 at ¶ 30). Conzelman did not join in the instant motion to dismiss.

### B. Allegations in Support of the Motion

Plaintiff alleges that the Stanford Defendants transferred funds to Johnson that were obtained via fraudulent certificates of deposit, and that Johnson either did not exchange reasonably equivalent value or otherwise performed services in furtherance of the Ponzi scheme. *See* Complaint (Doc. 1 at ¶ 5). Plaintiff alleges that Johnson received over $300,000 in payments from the Stanford Defendants. *Id.* (Doc. 1, ¶¶ 3, 30-31). Johnson now moves to dismiss, arguing that the Plaintiff has not established personal jurisdiction over him under FED. R. CIV. P. 12(b)(2), and that the Complaint fails to state claims under FED. R. CIV. P. 12(b)(6).

## II. DISCUSSION

### A. THE COURT HAS PERSONAL JURISDICTION OVER JOHNSON

Johnson argues that Plaintiff's "complaint should be dismissed pursuant to FED. R. CIV. P. 12(b)(2) for lack of personal jurisdiction over [him]." Motion to Dismiss (Doc. 10-1 at 3). Specifically, he denies that 28 U.S.C. § 754 and 28 U.S.C. § 1692 confer personal jurisdiction over him because the "statutes only address[] jurisdiction over property," and not over persons. Motion to Dismiss (Doc. 10-1 at 2-3). Johnson's arguments have previously been addressed by the Court. *See, e.g., Janvey v. Alguire*, 846 F. Supp. 2d 662, 668-69 (N.D. Tex. 2011).

The Court has explained that

> [A]pplicable statutes permit the nationwide exercise of personal jurisdiction in actions to recover receivership assets. As a general matter, courts have consistently held that minimum contacts analysis does not apply

3

> to receivership actions. *See, e.g., Haile v. Henderson Nat'l Bank*, 657 F.2d 816, 822–26 (6th Cir. 1981); *accord SEC v. Ross*, 504 F.3d 1130, 1145–46 (9th Cir. 2007); *SEC v. Vision Commc'ns, Inc.*, 74 F.3d 287 (D.C. Cir. 1996). They have done so because "[a]n ancillary receivership action does not involve an attempt by a state court or a federal court sitting in diversity to extend its power beyond its territorial limits through the use of a state long-arm service of process statute." *Haile*, 657 F.2d at 823. Instead, "by statute, the territorial jurisdiction of the appointing court is extended to any district of the United States where property believed to be that of the receivership estate is found." *Id.* As a necessary corollary to that principle, a receiver has standing to bring ancillary recovery actions in the appointing court regardless of the jurisdiction in which property traceable to the entities in receivership may be located. This power flows from the plain language of 28 U.S.C. § 754, which provides that "[a] receiver appointed in any civil action or proceeding involving property, real, personal or mixed, situated in different districts shall ... be vested with complete jurisdiction and control of all such property with the right to take possession thereof."
>
> Section 754 and 28 U.S.C. § 1692 provide the appropriate statutory authority for the Court's exercise of personal jurisdiction in this case. By allowing a receiver and district court to exercise jurisdiction over purported receivership estate property, section 754 serves "as a stepping stone on [a court's] way to exercising *in personam* jurisdiction" over those persons having custody or control over the property at issue. *Vision Commc'ns*, 74 F.3d at 290. Once a receiver files the appropriate documents pursuant to section 754, he may then serve process in that district under section 1692. *See id.*; *see also Haile*, 657 F.2d at 826 ("The process authorized by § 1692 is not 'extra-territorial' but rather nationwide."). Thus, "where a party has been properly served by the Receiver, the Due Process Clause is satisfied because the party has minimum contacts with the United States as a whole." *Ross*, 504 F.3d at 1146 (citing *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104–106, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987)); *accord Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Mich.*, 97 F.3d 822 (5th Cir. 1996) (following *Busch v. Buchman, Buchman & O'Brien, Law Firm*, 11 F.3d 1255 (5th Cir. 1994)).

*Alguire*, 846 F. Supp. 2d at 668-69 (footnotes omitted).

Here, as in *Alguire*, the Plaintiff has complied with the requirements of 28 U.S.C. § 754 in the United States District Court for the District of Columbia, and all other United States district courts. *See* Complaint (Doc. 1 at ¶ 10); *see also Alguire*, 846 F. Supp. 2d at 669. Therefore, under

*Alguire*, "[i]n doing so, he obtained both *in rem* jurisdiction over Receivership Estate property in [Johnson's] custody or control and the ability to serve process in the [District of Columbia] under the nationwide service provisions of section 1692." *Alguire*, 846 F. Supp. 2d at 669.

Also as in *Alguire*, the Plaintiff subsequently filed an action to recover Receivership Estate assets that Johnson allegedly received through his association with the Stanford Defendants' scheme. *See* Complaint (Doc. 1 at ¶¶ 3-4); *see also Alguire*, 846 F. Supp. 2d at 669.

As the Court has further explained

> Thus, the appropriate due process inquiry concerns whether the Receiver properly served [Johnson] with process. Given the Receiver's compliance with section 754, he could effectuate service of process under section 1692 in the district in which [Johnson] resides and conducts business. This satisfies due process in the receivership context. *See Haile*, 657 F.2d at 825 (holding that the "due process limitations on [statutorily authorized nationwide service of process] should be precisely the limitations applicable on a state's process within its territorial limits[:] notice calculated to inform the defendant of the pendency of the suit").

*Alguire*, 846 F. Supp. 2d at 669 (footnotes omitted). As in *Alguire*, Johnson "does not contend that service in this instance insufficiently apprised him of the Receiver's action or its nature." *Id.* Accordingly, the Court should deny Johnson's Rule 12(b)(2) challenge to Plaintiff's Complaint, just as it rejected a similar challenge in *Alguire*.

### B. THE COMPLAINT COMPLIES WITH RULE 12(b)(6)

Johnson next argues that the Complaint "should be dismissed pursuant to FED. R. CIV. P. 12(b)(6) for failure to state a claim." Motion to Dismiss (Doc. 10-1 at 4). Again, the Court has previously rejected similar arguments. *See, e.g., Janvey v. Univ. of Miami*, Civil Action No. 3:11-CV-0041-N, at *7-11 (N.D. Tex. filed July 11, 2013) ("*Univ. of Miami*").

### *i. Rule 12(b)(6) Standard*

In the course of addressing those arguments, the Court summarized the Rule 12(b)(6) standard:

> When faced with a Rule 12(b)(6) motion to dismiss, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

*Univ. of Miami*, Civil Action No. 3:11-CV-0041-N, at *6.

### *ii. The Fraudulent Transfer Claim Satisfies Rule 12(b)(6)*

The Court has explained that

> Section 24.005(a)(1) of the Texas Uniform Fraudulent Transfer Act ("TUFTA") provides that a transfer "is fraudulent as to a creditor, whether the creditor's claims arose before or within a reasonable time after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . with actual intent to hinder, delay, or fraud any creditor of the debtor."

*Id.* at *7.

Here, as in *Univ. of Miami*, Plaintiff alleges that fraudulent transfers were made to Johnson "with actual intent to hinder, delay, or defraud Stanford's creditors." *See* Complaint (Doc. 1 at ¶ 36); *see also Univ. of Miami*, Civil Action No. 3:11-CV-0041-N, at *7-8. Also, as in *Univ. of Miami*, Plaintiff alleges that the Stanford Defendants operated a Ponzi scheme. *See* Complaint (Doc. 1 at ¶ 17); *see also Univ. of Miami*, Civil Action No. 3:11-CV-0041-N, at *8. Again, as in *Univ. of Miami*, Plaintiff pleads that Johnson "either performed no services for the CD Proceeds [he] received; performed services that did not constitute reasonably equivalent value in exchange for the CD Proceeds [he] received; or performed only services that were in furtherance of the Ponzi scheme, which cannot be reasonably equivalent value as a matter of law." *See* Complaint (Doc. 1 at ¶ 5); *see also Univ. of Miami*, Civil Action No. 3:11-CV-0041-N, at *8.

Further, like the defendants in *Alguire*, Johnson does not establish that he qualifies for TUFTA's affirmative defense, and another one does not present itself on the Complaint's face. *See Alguire*, 846 F. Supp. 2d at 673; *see also Clark v. Amoco Prod. Inc.*, 794 F.2d 967, 970 (5th Cir. 1986) (noting that a court should grant dismissal under Rule 12(b)(6) "if a successful affirmative defense appears clearly on the face of the pleadings.") (citations omitted). Therefore, the Court should deny Johnson's Rule 12(b)(6) challenge to Plaintiff's fraudulent transfer claim, just as it rejected similar challenges in *Alguire* and *Univ. of Miami*.

### *iii. The Unjust Enrichment Claim Satisfied Rule 12(b)(6)*

Lastly, Johnson argues that Plaintiff's unjust enrichment claim is deficient under FED. R. CIV. P. 12(b)(6). *See* Motion to Dismiss (Doc. 10-1 at 6). The Court has "previously noted a lack of clarity in Texas law regarding whether unjust enrichment is its own cause of action. Nevertheless, the Court has held that at the very least the Plaintiff[] plead[s] a claim for money had and received,

if not an independent unjust enrichment claim." *Univ. of Miami*, Civil Action No. 3:11-CV-0041-N, at *10; *see also Alguire*, 846 F. Supp. 2d at 674. Here, as in *Univ. of Miami*, the Plaintiff alleges that Stanford's CDs "generated substantially all of the income" and that Johnson received payments from that CD income. *See* Complaint (Doc. 1 at ¶¶ 2-3); *Univ. of Miami*, Civil Action No. 3:11-CV-0041-N, at *10. Again, as in *Univ. of Miami*, because these CDs were fraudulent, "according to Plaintiff[], [Johnson] was essentially paid with stolen money." *Univ. of Miami*, Civil Action No. 3:11-CV-0041-N, at *10; *see also* Complaint (Doc. 1 at ¶ 45) ("Johnson received funds that in equity and good conscience belong to the Receivership Estate for ultimate distribution to the defrauded investors . . . ."). Thus, as in *Univ. of Miami*, Plaintiff pleads that Johnson "obtained a benefit from the Stanford Defendants' scheme that equity dictates [he] cannot retain justly." *Univ. of Miami*, Civil Action No. 3:11-CV-0041-N, at *10; *see also* Complaint (Doc. 1 at ¶ 45). Accordingly, as in *Univ. of Miami*, the Court should deny Johnson's challenge to Plaintiff's unjust enrichment claim.

### RECOMMENDATION

Plaintiff has sufficiently pleaded claims upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(6); further, Johnson has not established that the Court lacks personal jurisdiction over him. **IT IS, THEREFORE, RECOMMENDED** that the United States district judge deny Johnson's Motion to Dismiss.

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Signed September 20, 2013.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE