IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
Dallas Division

| | |
|---|---|
| RALPH S. JANVEY, IN HIS CAPACITY AS COURT-APPOINTED RECEIVER FOR THE STANFORD INTERNATIONAL BANK, LTD., ET AL.,<br>   Receiver,<br><br>v.<br><br>JAMES K. CONZELMAN AND LIONEL C. JOHNSON,<br><br>   Defendants. | Case No. 3:11-cv-2788 |

### Defendant Lionel C. Johnson's Answer

Defendant Lionel C. Johnson ("Defendant"), by and through counsel, files his Answer to Receiver Ralphs S. Janvey's Complaint ("Complaint"). Defendant denies each every allegation in the Complaint and denies knowledge of information sufficient to form a belief as to the truth of the allegations therein unless expressly admitted or otherwise responded to below.

### Summary

1. Defendant denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

2. Defendant denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

3. Defendant admits that he held the title of Senior Vice President of Government Affairs at SFGC, but denies that he held the authority of a corporate officer of SFGC or any of the Stanford entities, and admits that he worked in the area of governmental relations for that entity. Defendant admits that he received a letter from the Receiver's counsel demanding

payment of all "proceeds [he] received" in his time at SFGC. Defendant admits he has not made any payments to the Receiver and avers that there is no legal or factual basis for the Receiver's demand for payments. Defendant denies knowledge or information sufficient to form a belief as the truth of the remaining allegations in this paragraph.

4. Defendant denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

5. Defendant asserts that this paragraph contains legal conclusions to which no response is required. Defendant admits that he held the title of Senior Vice President of Government Affairs at SFGC and was an employee there, but denies that he held the authority of a corporate officer of SFGC or any of the Stanford entities. Defendant denies that he did not provide any value through his employment at SFGC, and that his work was "in furtherance of the [alleged] Ponzi scheme." Defendant denies that he was "aware that at least one senator and a national political committee refused to accept donations from the Stanford Parties because of the ongoing SEC investigation into the Stanford scheme." Defendant denies that he was "aware of concerns raised by prospective Stanford clients regarding the minimal regulatory oversight of SIB." Defendant denies that he "participated in discussions with Stanford's upper management regarding how to respond to allegations of illegal activities raised by two former Stanford employees in July 2008." Defendant denies knowledge or information sufficient to form a belief as the truth of the remaining allegations in this paragraph.

6. Defendant asserts that this paragraph contains legal conclusions to which no response is required. To the extent that the allegations purport to allege wrong-doing or knowledge of wrong-doing on the part of the Defendant, he denies any and all such allegations

and otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

7. Defendant asserts that this paragraph contains legal conclusions to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph. Defendant avers that he is not liable to the Receiver in any amount or at all.

**Jurisdiction & Venue**

8. Defendant asserts that this paragraph contains legal conclusions to which no response is required.

9. Defendant asserts that this paragraph contains legal conclusions to which no response is required.

10. Defendant asserts that this paragraph contains legal conclusions to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

11. Defendant asserts that this paragraph contains legal conclusions to which no response is required.

12. Defendant asserts that this paragraph contains legal conclusions to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

13. Defendant admits that James K. Conzelman lives in Washington, D.C.

14. Defendant admits that he lives in Washington, D.C.

## Statement of Facts

15. Defendant denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

16. Defendant asserts that this paragraph contains legal conclusions to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

17. Defendant asserts that this paragraph contains legal conclusions to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

18. Defendant denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

19. Defendant denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

20. Defendant denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

21. Defendant denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

22. Defendant denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

23. Defendant denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

24. Defendant denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

25. Defendant asserts that this paragraph contains legal conclusions to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

26. Defendant denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

27. Defendant asserts that this paragraph contains legal conclusions to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

28. Defendant denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

29. Defendant asserts that this paragraph contains legal conclusions to which no response is required. Defendant denies that he did not provide value through his employment at SFGC and avers that he performed valuable services to his corporate employer which were at all times lawful and unrelated to the conduct of any unlawful activity. Defendant otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

30. Defendant admits that from January 2008 to February 2009 he and Defendant Conzelman held the title of Senior Vice President of Government Affairs at SFGC and admits that they worked in the area of governmental relations for that entity, but further denies that he held the authority of a corporate officer of SFGC or any of the Stanford entities. Defendant otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

31. Defendant admits that he received salary and bonuses as compensation for his employment at SFGC, and admits that from time to time SFGC reimbursed him for approved expenditures made by him on behalf of SFGC. Defendant denies knowledge or information sufficient to form a belief as to the amounts he allegedly received. Defendant denies knowledge or information sufficient to form a belief as to the source of any funds he received being "CD Proceeds," and otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

32. Defendant admits that he received a letter from the Receiver's counsel demanding payment of all "proceeds [he] received" in his time at SFGC. Defendant admits he has not made any payments demanded by the Receiver, and avers that he is not liable to make payments to the Receiver in any amount or at all.

## **Requested Relief**

33. Defendant otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

34. Defendant otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

35. Defendant asserts that this paragraph contains legal conclusions to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

## **Count I**

36. Defendant asserts that this paragraph contains legal conclusions to which no response is required. Defendant denies he did not provide value through his employment at SFGC and avers that he performed valuable services to his corporate employer which were at all

times lawful and unrelated to the conduct of any lawful activity. Defendant otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

37. Defendant asserts that this paragraph contains legal conclusions to which no response is required. Defendant admits he was an employee of SFGC and held the title of Senior Vice President of Government Affairs, but denies he was an "insider[] with the Stanford entities," and further denies that he held the authority of a corporate officer of SFGC or any of the Stanford entities. Defendant otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

38. Defendant asserts that this paragraph contains legal conclusions to which no response is required. Defendant otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

39. Defendant asserts that this paragraph contains legal conclusions to which no response is required. Defendant otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

40. Defendant asserts that this paragraph contains legal conclusions to which no response is required. Defendant admits he was an employee of SFGC and that he held the title of Senior Vice President of Government Affairs, but further denies he held the authority of a corporate officer of SFGC or any of the Stanford entities. Defendant admits that he reported directly to Yolanda Suarez from January 8, 2008 through September 1, 2008. Defendant denies being "aware that at least one senator and a national political action committee refused to accept donations from the Stanford Parties because of the ongoing SEC investigation into the Stanford scheme." Defendant denies "Stanford tasked … Johnson with convincing politicians and

committees to accept donations from the Stanford Parties." Defendant denies being "aware of concerns raised by prospective Stanford clients regarding the minimal regulatory oversight of SIB." Defendant denies he "participated in discussions with Stanford's upper management regarding how to respond to allegations of illegal activities raised by two former Stanford employees in July 2008." Defendant denies he was "in regular contact with the highest levels of Stanford management." Defendant otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

41.     Defendant asserts this paragraph contains legal conclusions to which no response is required. Defendant denies he did not provide any value through his employment at SFGC, that his work there was "in furtherance of [the alleged] Ponzi scheme," and to the extent that the allegations purport to allege wrong-doing or knowledge of wrong-doing on the part of the Defendant, he denies any and all such allegations. Defendant denies that he was paid "in return for lobbying on behalf of the Stanford fraudulent scheme and helping it endure" and avers that there is no legal or factual basis for the Receiver's disgorgement of any payments he allegedly received. Defendant otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

42.     Defendant asserts that this paragraph contains legal conclusions to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph. Defendant avers that he is not liable to the Receiver in any amount at all.

43.     Defendant asserts that this paragraph contains legal conclusions to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

44. Defendant asserts that this paragraph contains legal conclusions to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

## Count II

45. Defendant asserts that this paragraph contains legal conclusions to which no response is required. Defendant denies that he has been unjustly enriched through the receipt of salary and bonuses as compensation for his employment, or through the reimbursement of any approved expenditures made by him on behalf of SFGC. Defendant otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph. Defendant avers that he is not liable to the Receiver in any amount at all.

46. Defendant asserts that this paragraph contains legal conclusions to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph.

47. Defendant asserts that this paragraph contains legal conclusions to which no response is required, and otherwise denies knowledge or information sufficient to form a belief as the truth of the allegations in this paragraph. Defendant avers that he is not liable to the Receiver in any amount at all.

## Prayer

48. The Defendant respectfully requests that the Receiver take nothing by his Complaint, and that the Court grant the Defendant all other and further relief, in law and equity, as the Court deems proper under the circumstances.

### First Affirmative Defense: Good Faith

This action is barred by Tex. Bus. & Comm. Code § 24.009(a) because any allegedly fraudulent transfer received by Defendant, if made as alleged, was received in good faith by the Defendant.

### Second Affirmative Defense: Reasonably Equivalent Value Given

This action is barred by Tex. Bus. & Comm. Code § 24.009(a) because any allegedly fraudulent transfer received by the Defendant, if made as alleged, was received in exchange for reasonably equivalent value given by the Defendant.

### Third Affirmative Defense: Reservation of Rights

Defendant hereby gives notice that he intends to rely upon such other and further facts and defenses as may become available or apparent during discovery and pre-trial proceedings in this case, and hereby reserves his rights to amend his Answer and assert such facts and defenses.

### Jury Demand

Defendant Lionel C. Johnson hereby demands trial by jury on any counts so triable.

Respectfully Submitted,

s/ Karl G. Blanke
Karl G. Blanke
Admitted pro hac vice
Virginia State Bar No. 74691
karl.blanke@blankelaw.com
The Law Office of Karl G. Blanke, PLLC
4023 Chain Bridge Road, Suite 5
Fairfax, Virginia 22030

        Telephone: (703) 677-8006
        Facsimile: (703) 890-1493
        Counsel for Defendant Lionel C. Johnson

        Colby C. Vokey
        Texas State Bar No. 24043391
        cvokey@fhsulaw.com
        Fitzpatrick Hagood Smith & Uhl LLP
        2515 McKinney Avenue, Suite 1400
        Dallas, Texas 75201
        Telephone: (214) 237-0900
        Facsimile: (214) 237-0901
        Local Counsel for Defendant Lionel C. Johnson

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of October 2013, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the Court. The electronic case files system sent a "Notice of Electronic Filing" to all counsel of records, each of whom have consented in writing to accept this Notice as service of this document by Electronic means.

                                                s/ Karl. G. Blanke
                                                Karl G. Blanke